THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09cr26-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CHARLES EDWARD DEAN, JR. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reconsider [Doc. 446], filed April 25, 2012.

On April 3, 2012, this Court denied the Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the recent Amendment to the Sentencing Guidelines with regard to crack cocaine offenses. [See Order, Doc. 439]. At the time of his sentencing, the Defendant was found to be responsible for between 50 and 150 grams of cocaine base. Defendant argues that in light of the Fair Sentencing Act (FSA) that this places him in the category for a five year rather than a ten year mandatory minimum sentence, because this quantity is at least 28 but not more than 280 grams. Defendant, however, is incorrect. The FSA does not apply retroactively to drug crimes committed prior to its passage on August 3, 2010. United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011). Defendant's crime

pre-dates the FSA. Hence the pre-FSA mandatory minimums apply. For this reason, the minimum sentence for which the Defendant is eligible is 120 months, just as it was before Amendment 750. Since Defendant's sentence was previously 120 months, and he is not eligible for a sentence of less than that, he is not eligible for relief under Amendment 750. Therefore, the Court concluded that the Amendment had no impact on the Defendant's sentence. [Id.]. There is nothing in the Defendant's present motion that would amend this classification.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reconsider [Doc. 446] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 21, 2012

Martin Reidinger
United States District Judge